IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENTAS REALTY, LIMITED PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> ALC CVMA, LLC, ALC GGMG, LLC, ALC HTIF, LLC, ALC PEDG, LLC, ALC TPCG, LLC, ALC TISSC, LLC, ALC TSKG, LLC, ALC WRWG, LLC, and ASSISTED LIVING CONCEPTS, INC., <br><br> Defendants. | No. 12-CV-3107 <br><br> Judge Ronald A. Guzman <br><br> Magistrate Judge Sidney Schenkier |

**JOINT REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

Plaintiff Ventas Realty, Limited Partnership ("Plaintiff") and Defendants ALC CVMA, LLC, ALC GGMG, LLC, ALC HTIF, LLC, ALC PEDG, LLC, ALC TPCG, LLC, ALC TISSC, LLC, ALC TSKG, LLC, ALC WRWG, LLC, (collectively, the "ALC Entities") and Assisting Living Concepts, Inc. ("ALC Inc.", and, together with the ALC Entities, "Defendants") hereby jointly submit this Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f)").

**1.      Conference.**      Pursuant to Rule 26(f), the parties (through their counsel) conferred regarding the nature and bases of their respective claims and defenses, the nature and scope of anticipated discovery, and a discovery plan. The parties were able to reach agreement regarding various discovery-related matters, including a proposed discovery schedule (set forth below).

**2.     Nature of the Case.**

A. Claims by Plaintiff:

In its First Amended Complaint ("Amended Complaint"), Plaintiff asserts a claim against the ALC Entities for breach of that certain "Amended and Restated Master Lease Agreement" (MLA) entered into with Plaintiff and attached as Exhibit 1 to the Amended Complaint, and a claim against ALC Inc. for breach of that certain Guaranty of Lease (Guaranty), entered into with Plaintiff and attached as Exhibit 2 to the Amended Complaint. Plaintiff seeks to terminate the ALC Entities' right to possession of the facilities, to terminate the MLA, and to obtain damages for their breach of the MLA. Plaintiff also seeks damages from ALC Inc. for its breach of the Guaranty.

B. Defenses/Claims by Defendants.

The defendants will answer Plaintiff's amended complaint on or before June 7, 2012 per the Court's minute order. Currently, the defendants anticipate that they will assert their defenses to Plaintiff's alleged damages and other claimed remedies, and will be reviewing Plaintiff's claims of material breach. Counterclaims, if any, will also be alleged in the answer to the amended complaint or within the time frame permitted for amendments thereof.

C. Basis for Federal Jurisdiction.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of different states than Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**3. Pre-Trial Considerations and Schedule.**

A. Anticipated Topics of Discovery.

    i. Plaintiff anticipates a need for discovery on the following topics. Defendants reserve the right to contest the relevancy and discoverability of any or all of the topics listed by Plaintiff.

        a. The ALC Entities' operations of the leased facilities;

        b. The involvement of ALC Inc. in the operations of the leased facilities;

        c. The defaults and Events of Default detailed in letters to Defendants dated March 23, May 4, 9 and 16;

        d. State investigations and hearings with respect to Defendants' operations of the leased facilities;

        e. Matters detailed in ALC Inc.'s Form 8-K filed with the SEC dated May 4, 2012;

        f. Matters detailed in ALC Inc.'s Form 8-K filed with the SEC dated May 14, 2012;

        g. Any alleged counterclaims brought by any or all of Defendants.

    ii. Defendants anticipate a need for discovery on the following topics. Plaintiff reserves the right to contest the relevancy and discoverability of any or all of the topics listed by Defendants.

        a. Plaintiff's obligation to mitigate its claimed damages;

        b. Plaintiff's alleged interference with the ALC Entities' performance of their contracts;

        c. Any counterclaims brought by the ALC Entities;

        d. Plaintiff's attorneys' fees;

        e. Any subcomponent of damages or expenses claimed by Plaintiff.

    B. <u>Electronic Discovery</u>. The parties have discussed discovery of electronically stored information ("ESI"). The parties acknowledge their obligation to take

reasonable and proportionate steps to preserve relevant and discoverable ESI within their possession, custody, or control and, therefore, propose the following methods to identify ESI and eliminate duplicative ESI:

    i. The parties agree to use best efforts to preserve and, where appropriate, produce all electronic documents in searchable TIFF format, subject to any technical limitations, which may be subject to further specification by each party issuing discovery pursuant to Fed. R. Civ. P. 34; and

    ii. The parties agree to confer within 14 days after the exchange of their Rule 26(a)(1) disclosures to address, *inter alia*, the following: (i) their document retention policies, if any; (ii) the identity of key custodians of potentially relevant information and the preservation of potentially relevant information by them; and (iii) the storage of electronic information, including the storage and back-up of emails.

    C.    <u>Number of Depositions</u>. Plaintiff estimates that it will need approximately eight (8) depositions. Defendants estimate that they will need approximately ten (10) depositions.

    D.    <u>Discovery Plan</u>. The parties jointly propose the following discovery plan:

    i. Parties to make their initial disclosures pursuant to Rule 26(a)(1) on or before June 14, 2012.

    ii. All fact and expert discovery to be commenced in time to be completed on or before October 30, 2012.

    iii. The parties propose the following schedule for Rule 26(a)(2) disclosures and related expert discovery:

        a. Any party may serve a report from any retained expert in support of any affirmative claim(s) by July 23, 2012;

        b. Any party may serve a report from any retained expert in defense to any claim(s) asserted against that party by September 21, 2012.

E. <u>Dispositive Motions</u>. All potentially dispositive motions to be filed on or before November 1, 2012.

4. **<u>Trial Schedule</u>.** The case should be ready for trial by December 17, 2012, and at this time is expected to take approximately 3 days.

5. **<u>Consent to Proceed before Magistrate Judge</u>.** Unanimous consent has not been reached.

Dated: May 22, 2012 Respectfully submitted,

| | |
|---|---|
| **VENTAS REALTY, LIMITED PARTNERSHIP** | **ALC CVMA, LLC, ALC GGMG, LLC, ALC HTIF, LLC, ALC PEDG, LLC, ALC TPCG, LLC, ALC TISSC, LLC, ALC TSKG, LLC, ALC WRWG, LLC, and ASSISTED LIVING CONCEPTS, INC.** |
| ____/s/ Brandon C. Prosansky_____<br>One of Its Attorneys | ____/s/ John A. Rothstein_____<br>One of Their Attorneys |
| Roger H. Stetson<br>Brandon C. Prosansky<br>BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP<br>200 West Madison Street, Suite 3900<br>Chicago, Illinois 60606<br>Tel: (312) 984-3100 | John A. Rothstein<br>QUARLES & BRADY LLP<br>411 East Wisconsin Avenue<br>Suite 2350<br>Milwaukee, Wisconsin 53202<br>Tel: (414) 277-5000 |