IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENTAS REALTY, LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>ALC CVMA, LLC, ALC GGMG, LLC, ALC HTIF, LLC, ALC PEDG, LLC, ALC TPCG, LLC, ALC WRWG, LLC, and ASSISTED LIVING CONCEPTS, INC.,<br><br>Defendants. | No.: 12-cv-3107<br><br>Judge Ronald A. Guzman<br><br>Magistrate Judge Sidney I. Schenkier |

**DECLARATION OF ALAN BELL IN SUPPORT OF MOTION OF DEFENDANT ASSISTED LIVING CONCEPTS, INC. FOR A PROTECTIVE ORDER PURSUANT TO RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

ALAN BELL, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am an attorney admitted to practice before the courts of the Province of Ontario, Canada. I am a member of the Board of Directors of Assisted Living Concepts, Inc. ("ALC"), one of the defendants in this action, and a member of the Audit Committee of ALC established by its Board of Directors. This declaration, which is based upon personal knowledge, is in support of ALC's motion, pursuant to Rule 26 of the Federal Rules of Civil Procedure, for a protective order striking discovery requests under Rules 30, 33 and 34 of the Federal Rules of Civil Procedure propounded by plaintiff, Ventas Realty, Limited Partnership ("Ventas"). The discovery requests all seek disclosure by ALC of the subject matter and details of a confidential investigation of

certain alleged accounting irregularities being conducted by ALC's Audit Committee with the assistance and advice of legal counsel.

2. ALC became a public company in 2006. Its shares are listed on the New York Stock Exchange, and ALC regularly files reports with the Securities and Exchange Commission ("SEC"), including annual reports on Form 10-K, quarterly reports on Form 10-Q, and reports on Form 8-K. New York Stock Exchange rules required ALC to establish and maintain the Audit Committee, whose membership must consist entirely of independent directors who are not part of the company's management. ALC's Audit Committee is principally responsible for discharging the Board of Directors' duty to monitor financial and disclosure compliance. Among other things, the Audit Committee selects and oversees the work of ALC's outside auditor, supervises ALC's internal auditor, reviews the adequacy and integrity of ALC's financial statements and management's discussion and analysis (MD&A) of ALC's business performance contained in ALC's annual and quarterly filings, and oversees ALC's risk management function. A copy of the Audit Committee's charter is annexed hereto as Exhibit 1.

3. Among other things, the Audit Committee is required by the Sarbanes-Oxley Act of 2002 and New York Stock Exchange rules to establish procedures for receipt, retention and treatment of complaints regarding accounting, internal accounting controls or auditing matters, including procedures for the confidential, anonymous submission by employees of concerns about what they believe to be questionable accounting or auditing matters. ALC has established procedures that comply with this requirement, under which an employee may submit complaints to ALC's Director of Internal Audit or may submit complaints confidentially and/or anonymously directly to the Chairperson of the Audit Committee. These procedures are

embodied in § 6.20 of ALC's Code of Business Conduct and Ethics, a copy of which is attached as Exhibit 2.

   4. On May 2, 2012, the Chairperson of ALC's Audit Committee received a written communication from an ALC employee citing purported irregularities in ALC's accounting with respect to the Master Lease by and among Ventas, as landlord, and the defendants in this action, as tenants and guarantor. The "Re:" line of the communication states, "**Confidential** – Accounting Misconduct Complaint under Sarbanes-Oxley Act of 2002." The communication to the Audit Committee did not relate to the health, safety or welfare of the residents of any ALC assisted living facility, nor did it concern the physical condition of any ALC assisted living facility. The communication specifically requested confidential treatment: "Please consider this a confidential complaint under the Assisted Living Concepts, Inc. (ALC) Code of Business Conduct and Ethics."

   5. The Audit Committee determined to initiate a full investigation of the matters set forth in the communication. In furtherance thereof, on May 3, 2012, the Audit Committee engaged the firm of Milbank, Tweed, Hadley & McCloy, LLP ("Milbank") to advise it and assist in the investigation. The Audit Committee understands that its communications with Milbank are privileged, and that communications Milbank undertakes with ALC employees in furtherance of the investigation likewise are privileged. The Audit Committee has not waived attorney-client privilege or any other privilege or immunity applicable to the communication of the complaint or to the investigation of the complaint.

6. In addition, the Audit Committee understands that ALC is required by provisions of the Sarbanes-Oxley Act of 2002 to neither participate nor permit others to engage in conduct that could be construed as adverse employment action or other retaliation against an individual who has provided information to the Audit Committee regarding conduct that individual reasonably believes to reflect accounting or auditing irregularities. In light of the relatively small number of individuals with knowledge of ALC's accounting with respect to the Ventas Master Lease, disclosure of the substance of the communication to the Audit Committee will almost certainly lead to identification of the author of the communication. The Audit Committee has been advised by counsel that disclosure of a complainant's identity has been held to be retaliation in violation of Sarbanes-Oxley.

I certify, under penalty of perjury, that the foregoing statements are true.

Dated: Toronto, Ontario
June 4, 2012

_____
Alan Bell