```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   VENTAS REALTY, LIMITED          )
     PARTNERSHIP,                    )
 4                                   )
              Plaintiff,             )
 5                                   )
       v.                            )  No. 12 C 3107
 6                                   )
     ALC CVMA, LLC, ALC GGMG, LLC,   )
 7   ALC HTIF, LLC, ALC PEDG, LLC,   )
     ALC TPCG, LLC, ALC TISSC, LLC,  )
 8   ALC TSKG, LLC, and ALC WRWG,    )
     LLC,                            )  Chicago, Illinois
 9                                   )  May 17, 2012
              Defendants.            )  9:30 a.m.
10
                      TRANSCRIPT OF PROCEEDINGS
11             BEFORE THE HONORABLE RONALD A. GUZMAN

12
     APPEARANCES:
13
     For the Plaintiff:        BARACK FERRAZZANO KIRSCHBAUM &
14                             NAGELBERG LLP
                               BY:  MR. ROGER HUDSON STETSON
15                             200 West Madison Street
                               Suite 3900
16                             Chicago, Illinois  60606
                               (312) 984-3100
17
     For the Defendants:       QUARLES & BRADY LLP
18                             BY:  MR. LEONARD STEWART SHIFFLETT
                               300 North LaSalle Street
19                             Suite 4000
                               Chicago, Illinois  60654
20                             (312) 715-5000

21                             QUARLES & BRADY LLP
                               BY:  MR. JOHN A. ROTHSTEIN
22                             411 East Wisconsin Avenue
                               Milwaukee, Wisconsin  53202
23                             (414) 277-5351

24

25
                    Nancy C. LaBella, CSR, RMR, CRR
                        Official Court Reporter
              219 South Dearborn Street, Room 1222
                       Chicago, Illinois  60604
                            (312) 435-6890
                    Nancy_LaBella@ilnd.uscourts.gov
```

Exhibit B

1      (Proceedings heard in open court:)
2              THE CLERK:  12 C 3107, Ventas Realty v. ALC CVMA.
3              MR. STETSON:  Good morning, your Honor.  Roger
4      Stetson on behalf of the plaintiff.
5              MR. ROTHSTEIN:  On behalf of the defendants, your
6      Honor, that have appeared thus far, it's John Rothstein and
7      Len Shifflett.
8              MR. SHIFFLETT:  Good morning.
9              THE COURT:  This is a motion for expedited discovery?
10             MR. STETSON:  It is, your Honor.
11             THE COURT:  How exactly is it that you wish to
12     expedite the discovery?
13             MR. STETSON:  We have asked for limited information
14     on two issues.  The first is irregularities relating to the
15     leases.  As you may recall, your Honor, the plaintiff is the
16     owner of a number of properties where assisted living
17     facilities are run.
18             THE COURT:  I recall.
19             MR. STETSON:  And on May 4th, 2012, the defendants'
20     parent company, ALC, filed a Form 8-K with the SEC announcing
21     that they were investigating irregularities with respect to
22     certain -- with respect to the lease with my client.
23             On May 9th, we asked for information --
24             THE COURT:  Investigating irregularities with respect
25     to the lease?

1      MR. STETSON: Yes.

2      THE COURT: The lease they entered into?

3      MR. STETSON: Yes.

4      THE COURT: Okay.

5      MR. STETSON: On May 9th, we asked for information to
6 explain to us what the irregularities were or what they were
7 investigating or what the circumstances were and what
8 facilities they were at. We didn't receive any information
9 from them.

10     On May 14th, they filed a second Form 8-K discussing
11 the investigation in six or seven different places relating to
12 the lease with our client with no explanation of what the
13 circumstances were and which facilities they were located in
14 and what was going on.

15     So we have filed a motion for -- to expedite
16 discovery.

17     I should also mention, we also received an affidavit
18 from an attorney in Dalton, Georgia -- whose mother-in-law is
19 at one of the facilities, Peachtree Estates -- among other
20 things, stating that he has information and received
21 information that certain documents are being shredded and
22 destroyed at the facility. We don't know whether or not --

23     THE COURT: What's this all about? Certain documents
24 are being destroyed. Irregularities regarding leases you
25 entered into. Did the SEC filing indicate what the

1  irregularities were?

2  MR. STETSON: No, your Honor, and --

3  THE COURT: It just said irregularities in the
4  leases?

5  MR. STETSON: I can read it to you, your Honor. Yes,
6  that's almost precisely what it says.

7  It says, The company's board of directors has
8  determined to investigate possible irregularities in
9  connection with the company's lease with Ventas and retained
10 counsel for --

11 THE COURT: In connection with the company's lease
12 with Ventas. Okay.

13 MR. STETSON: So that's precisely, your Honor, what
14 your question was, what we -- we've asked for limited
15 discovery. We've asked for documents identifying what the
16 circumstances are relating to these irregularities. We simply
17 want to find out what these are so we can determine what
18 rights and remedies, if any, we need to seek relating to
19 these, quote, irregularities.

20 So what we have done is we've served just a limited
21 document request asking for documents relating to this. We --
22 two interrogatories asking the same, what these circumstances
23 are, what are these irregularities.

24 THE COURT: What does this have to do with the cause
25 of action?

1          MR. STETSON:  That we've asserted?

2          THE COURT:  Well, you filed --

3          MR. STETSON:  Well, I don't --

4          THE COURT:  -- a complaint, right?

5          MR. STETSON:  If it's -- well, I guess that's a
6  really difficult thing for me to answer.  I mean, if it's --
7  the irregularities are conduct by the defendant, it's --

8          THE COURT:  Well, the breach of contract that you're
9  alleging is what?

10          MR. STETSON:  We allege a number of breaches, your
11  Honor.  One of the things we allege is that the receipt of the
12  notice of the revocation of the -- of the licenses to run the
13  facilities, we allege that they are not in compliance with the
14  law, which is one of the covenants that they make.

15          THE COURT:  Okay.  And you have some reason to
16  believe that the irregularities -- the investigation into
17  irregularities described in the SEC filing has to do with your
18  allegations of breach of contract?

19          MR. STETSON:  Yes.

20          THE COURT:  Okay. And why can't you just get that
21  with the ordinary discovery procedures?  Why do we have to
22  have expedited discovery?

23          MR. STETSON:  Sure.  Your Honor, depending what the
24  irregularities are, if they're irregularities that go to the
25  health and safety of the residents and the way the facilities

1  are being run or it goes to harming the property relating
2  to -- the Ventas' properties, then it may be the type of
3  evidence and it may be the type of things that we come back in
4  and ask for reconsideration of the motion for the
5  receivership.  It may be causing irreparable harm.  We just
6  want to know what it is.  Because we don't have any idea how
7  serious the irregularities are, that's -- that's difficult for
8  me to answer.  I don't know.  If it has to do with the fire
9  safety or something with the facilities -- there's been two
10 fires in one of the facilities.
11         The answer is that that's what we want to find out.
12 That's why -- that's why the requests are limited solely to
13 what are the circumstances and facts associated with these
14 irregularities.  We're not asking to open up the floodgates of
15 all the discovery that we'll get through the regular process.
16 But we believe it's serious enough that they filed two SEC
17 filings disclosing these that we should at least know, since
18 they are our properties, what they are.
19         THE COURT:  Are you opposing this?
20         MR. ROTHSTEIN:  Yes, your Honor.
21         THE COURT:  Why?
22         MR. ROTHSTEIN:  There's actually two parts of the
23 motion.  I'll address both.
24         They also ask -- they accuse one of the -- the
25 executive medical director of ALC of shredding documents, your

1  Honor.  This is a serious charge.  And on that one, I take
2  that very seriously.  I spoke to that executive director,
3  Mr. Mark -- Dr. Mark Schaten, and I arranged -- I said,
4  anything like this, we're going forward.  So I've already told
5  counsel on that, I'm going to produce him next week.
6      However, the condition is this individual, who on
7  hearsay submitted an affidavit to this Court accusing this
8  physician -- who is a board certified doctor; he's 48 years
9  old; licensed in 13 states -- of shredding documents, a
10 serious charge, I want a deposition of this individual who is
11 making these charges and submitting this to the Court.  As I
12 understand from counsel, they will make this individual who
13 has submitted this affidavit available to me.  Prior to that
14 deposition, I'm going to make Dr. Schaten, who has been
15 accused of this conduct, available next week.  We take that
16 very seriously.
17     I am going to ask the Court -- this is the second
18 time in ten days now we've been hauled into court on literally
19 one day's notice.  It was served at 10:00 o'clock a night ago
20 for today's hearing.  And I wasn't given any advance notice.
21 If this turns out to be a groundless charge, which I believe
22 it is -- I've spoken to the doctor, there's no charge --
23 there's no basis for this, but they'll be able to examine
24 him -- I'm going to ask for fees for both this hearing as well
25 as the depositions of the individual who submitted this

1 affidavit and the doctor.

2 THE COURT: Well, let's deal with what we have right
3 now.

4 MR. ROTHSTEIN: Okay. We'll leave that --

5 MR. STETSON: We've agreed to the -- providing for
6 the deposition.

7 MR. ROTHSTEIN: Secondly, your Honor, as to the SEC,
8 this has been available since May 4th. We had that hearing
9 that we were here on last time before Alabama, as you know.
10 Ventas appeared by counsel in that action, in that regulatory
11 proceeding. If there's any concern about this May 4th matter
12 before the SEC, it could have been brought to the appropriate
13 authorities if there's a health/life safety.

14 Now, I have spoke to -- and here's the situation,
15 your Honor: ALC is a publicly reporting company. It has SEC
16 obligations obviously. Under Sarbanes-Oxley, if there's any
17 confidential report or complaint that's referred to the
18 board -- and that's what occurred here; the board is taking
19 action. It's commissioned an outside firm, not my firm, to
20 handle that. It's a single report. I can -- I was authorized
21 to say that. It's a single report. They're investigating it,
22 which they're directed and obligated to do.

23 The law provides that as for people making such
24 reports, there's strict confidentiality. I've been told by
25 the lawyer who is conducting this information, they only have

1  a single report.  They do not -- and they're not authorized to
2  disclose who that is.  It's contrary to what their obligations
3  are.  When they're done with the investigation, they'll report
4  back to the board.
5      But if this is a life/health safety, both
6  Mr. Kinnamon, the individual who submitted this affidavit, as
7  well as Ventas itself has every opportunity.  They can go to
8  the appropriate regulatory agencies if they think that's an
9  issue.
10     I can tell the Court again that the lawyer who made
11 this representation to me said this is not a life/health
12 issue.  But, again, he does not want to make any -- you know,
13 any appearances, nothing, because they're conducting the
14 investigation, not my firm.
15     So, in any event, your Honor, there's no emergency
16 here.  They can get it in the regular due course.  They
17 have --
18     THE COURT:  What's the difference?  What difference
19 does it make to you whether you respond to a request for this
20 information now or respond to it three weeks from now?  I can
21 set a discovery schedule right now and we can start discovery
22 in this case.  Why would you be objecting to that?
23     MR. ROTHSTEIN:  The only thing I can tell you, your
24 Honor, is that with the normal 30 days -- I'm not going to be
25 responding.  I would expect counsel who is handling this

1  investigation to assert the appropriate privileges.  He told
2  me, he said, John, we only have one report; we're going to
3  investigate it; whatever we're doing is either work product or
4  attorney-client; we're going to assert that.  And as for the
5  identity of the reporter, that's confidential by law and we're
6  not going to disclose that.
7          So, in any event, your Honor, the normal 30 days
8  would give them an opportunity to respond.
9          MR. STETSON:  And I offered that to them, your Honor,
10 and they rejected it.  I offered them to give us written
11 objections or responses of why they wouldn't give us the
12 information and then we would come before you if those weren't
13 acceptable.
14         I asked them what provision under Sarbanes-Oxley
15 prohibited them from giving us the information.  They said
16 they didn't know.  I asked them to please figure that out and
17 provide a written response so that we could analyze that.
18 They rejected that proposal.  They told us it was confidential
19 information.  I offered, we could do a protective order.  We
20 could have you look at the information.
21         This idea that we should go in front of the
22 appropriate authorities, they won't even tell us which
23 facility it is.  There's five different states.  Which
24 authorities are we supposed to go to?  We don't even know what
25 we're reporting to the authorities.  All we know is that

1  there's an irregularity with respect to one of the facilities.
2         We just want them to answer the discovery and tell us
3  what's going on.
4         MR. ROTHSTEIN:  Your Honor, all I'm asking is that
5  with respect to -- first of all, I disagree with counsel as to
6  what they offered and didn't offer.
7         Next is that I've never been offered the normal 30
8  days to respond to discovery.  That's --
9         MR. STETSON:  You never asked for it.
10        MR. ROTHSTEIN:  -- all I'm requesting.
11        THE COURT:  All right.  In view of the fact that
12 we're talking about facilities involving the care of
13 individuals who are at risk, the fact that there are state
14 proceedings regarding allegations as to inappropriate
15 management of those facilities, I don't see any harm, and I
16 think it's appropriate, that we give plaintiff leave to
17 commence discovery immediately under the parameters they've
18 just indicated.
19        I'm going to require a response to that discovery
20 request within two weeks, whether it's the production of the
21 information or objections or a mixture of both, within two
22 weeks.
23        A motion to compel, if necessary, can be filed
24 thereafter.  That motion, if it comes, is referred to the
25 magistrate judge for resolution.

```
 1              THE CLERK:  May 31st.
 2              THE COURT:  May 31st.
 3              As long as I have you here, we need a case schedule.
 4    How long will it take you to file a report suggesting the
 5    appropriate discovery dates, cutoff dates, and so on?
 6              MR. STETSON:  We would be able to file -- from our
 7    perspective, we think we would be able to file a report
 8    immediately.
 9              THE COURT:  I'm sorry?
10              MR. STETSON:  In very short term.  Immediately.
11              THE COURT:  Okay.
12              MR. ROTHSTEIN:  Two weeks thereafter.
13              MR. STETSON:  I mean, we don't think it requires two
14    weeks to file a schedule.  We think a week would be
15    sufficient.
16              THE COURT:  All right.  I think a week is enough
17    time.  You have to get together and see if you can file a
18    joint report.  If not, file separate reports.
19              Let's have a status hearing for a Rule 26 report,
20    Carole, next week.
21              THE CLERK:  May 24th at 9:30.
22              MR. ROTHSTEIN:  Your Honor, is that -- I think that's
23    before the time -- they just -- the plaintiffs -- we have
24    worked together.  They asked to amend their complaint.  I
25    granted that or I conceded that.  They just served that
```

1  yesterday.  So the pleadings are not even due at that time.
2              THE COURT:  That's okay.  You know what the issues
3  are.
4              MR. ROTHSTEIN:  That's fine.
5              MR. SHIFFLETT:  Your Honor, could we have 21 days to
6  file an answer or otherwise plead to the complaint on behalf
7  of all defendants?
8              THE COURT:  Sure.  21 days to answer.
9              THE CLERK:  June 7th.
10             THE COURT:  Answer or otherwise plead by June 7th.
11             MR. ROTHSTEIN:  And May 24th is the date for?
12             THE CLERK:  Status hearing.
13             MR. ROTHSTEIN:  Thank you.
14             THE COURT:  You need to file your report before that
15  date.
16             MR. ROTHSTEIN:  Yeah.
17             THE COURT:  Anything else we need to address right
18  now?
19             MR. STETSON:  No, your Honor.
20             MR. ROTHSTEIN:  No, your Honor.
21             THE COURT:  Okay.  Thank you.
22             MR. SHIFFLETT:  Thank you.
23             MR. ROTHSTEIN:  Thank you.
24             MR. STETSON:  Thank you, your Honor.
25                        *   *   *   *   *

1

2 I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled matter.
3

4

   /s/ Nancy C. LaBella                    May 22, 2012
5  Official Court Reporter

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25