IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENTAS REALTY, LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>ALC CVMA, LLC, ALC GGMG, LLC, ALC HTIF, LLC, ALC PEDG, LLC, ALC TPCG, LLC, ALC TISSC, LLC, ALC TSKG, LLC, ALC WRWG, LLC, and ASSISTED LIVING CONCEPTS, INC.,<br><br>Defendants. | No.: 12-cv-3107<br><br>Judge Ronald A. Guzman<br><br>Magistrate Judge Sidney I. Schenkier |

**VENTAS REALTY, LIMITED PARTNERSHIP'S RESPONSE TO ALL DEFENDANTS' MOTION FOR A PROTECTIVE ORDER FROM CERTAIN DISCOVERY**

On May 17, 2012, the Court granted the motion of Plaintiff Ventas Realty, Limited Partnership ("Ventas") to serve on Defendants, on an expedited basis, limited written and oral discovery requests in relation to the public disclosures that defendant Assistant Living Concepts, Inc. ("ALC") made to the U.S. Securities and Exchange Commission (SEC) regarding ALC's Audit Committee's "ongoing internal investigation" of "possible irregularities in connection with" the Amended and Restated Master Lease Agreement with Ventas (the "Ventas Lease") that is at issue in this case. In accordance with the Court's Order, on May 18, 2012, Ventas served two interrogatories and three document requests, and, on May 31, 2012, Ventas served a request for a Rule 30(b)(6) deposition.

In a dubious effort to avoid providing information and documents responsive to Ventas' limited discovery requests, Defendants have moved to strike them altogether, asserting various blanket objections. However, none of Defendants' objections is sufficient to prevent disclosure.

1

First, Defendants assert that documents regarding the Audit Committee's investigation are protected by the attorney-client privilege and the work product doctrine. But, in defiance of the Federal Rules and this Court's Case Management Procedures, and despite numerous requests by Ventas' counsel, Defendants have refused to provide a privilege log or specifically identify any documents which might be privileged. Thus, the Court cannot evaluate the validity of Defendants' privilege claims.

Second, Defendants claim that disclosure of employee communications with respect to the Audit Committee's investigation would violate the provisions of the Sarbanes-Oxley Act requiring that whistleblower communications be kept confidential. But this disclosure concern is unfounded, as Ventas is willing to enter an attorneys-eyes only protective order that would allow Defendants to protect the identities of any whistleblower employees.

Finally, Defendants suggest that Ventas' requested discovery is not relevant because the requests are not tied to the allegations of the First Amended Complaint. Defendants are wrong. As an initial matter, the scope of discovery is much broader than Defendants would like, and discovery is not limited to the specific issues raised in the parties' pleadings. Further, Defendants ignore Ventas' allegation that they breached their financial reporting obligations under Section 25 of the Ventas Lease, which directly relate to the Audit Committee's investigation of accounting irregularities.

Thus, Defendants have failed to establish any of their objections. Their motion should be denied, and they should be ordered to make a complete production and provide a Rule 30(b)(6) deponent.

## BACKGROUND

Ventas filed its Complaint in this action on April 26, 2012, initially seeking a declaratory judgment that eight ALC entities (the "ALC Entities") were in default and material breach of multiple provisions of the Ventas Lease under which the ALC Entities operate assisted living facilities. (Dkt. No. 1). Ventas amended its Complaint on May 14, 2012, withdrawing its declaratory judgment claim and instead asserting a breach of contract claim against the ALC Entities for multiple breaches of the Ventas Lease and a breach of contract claim against ALC for breach of its Guaranty of the Ventas Lease. (Dkt. No. 29).

On May 4, 2012, ALC filed a Form 8-K with the SEC disclosing both the existence of this action and an investigation of "irregularities" with respect to the Ventas Lease. (Dkt. No. 31, Ex. 1). The disclosure stated: "On May 3, 2012, the Company's Board of Directors determined to investigate possible **irregularities in connection with the Company's lease with Ventas** and retained counsel for such purpose." (Dkt. No. 31, Ex. 1) (emphasis added). Subsequently, on May 11, 2012, ALC filed a Form 12b-25 with the SEC, stating: "the Company is unable at this time to predict how long it will take for the investigation to be completed or whether the findings of the investigation would have any impact on the Ventas lease...." (**Exhibit 1**, attached hereto). Then, on May 14, 2012, ALC filed another Form 8-K with the SEC, again discussing this action and disclosing an "ongoing internal investigation by the Audit Committee." (Dkt. No. 31, Ex. 2).

Despite numerous requests by Ventas, ALC refused to provide Ventas with further detail regarding the "irregularities" or "ongoing internal investigation." Thus, on May 15, 2012, Ventas sought limited expedited written and oral discovery regarding the facts and circumstances of ALC's ongoing internal investigation into "irregularities" in connection with the Ventas Lease

3

and Ventas properties. (Dkt. Nos. 30-31). On May 17, 2012, the Court permitted Ventas to serve the requested limited discovery. (Dkt. No. 34). In accordance with the Court's Order, on May 18, 2012, Ventas served two interrogatories and three document requests, and, on May 31, 2012, Ventas served a request for a Rule 30(b)(6) deposition.

On May 31, 2012, Defendants served their responses and objections to the five written discovery requests. (Dkt. No. 41, Ex. C). Defendants asserted five nearly identical blanket claims of privilege and a vague reference to confidentiality under the Sarbanes-Oxley Act. The boilerplate response to *each* of the five requests states:

> ALC incorporates each of the General Objections set forth above, as if set forth in their entirety herein. The ALC Audit Committee is conducting a confidential investigation. The Audit Committee has not waived any applicable privilege or protection relating to its investigation, and the information and documents sought by the request are protected from disclosure by the attorney-client privilege, the work product-doctrine, and the critical self-evaluation privilege. The information and documents sought by the request are also protected from disclosure under the Sarbanes-Oxley Act, which obligates the Audit Committee to respect the confidentiality of certain types of communications it receives in the course of an investigation.
>
> ALC further objects on the ground that the request is not predicated on the allegations of the Amended Complaint. The request seeks information and documents relating to the confidential and privileged investigation being conducted by the ALC Audit Committee. Such a request is overbroad and unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.

(Dkt. No. 41, Ex. C).

The two interrogatory answers contain this additional statement:

> Subject to the foregoing, and without waiving any applicable privilege or protection, ALC voluntarily states that the investigation conducted by the Audit Committee does not relate in any respect to the health or safety of any of the residents at any of the facilities leased from Ventas Realty, Limited Partnership.

(Dkt. No. 41, Ex. C, pp. 3-4).

4

Inexplicably, Defendants did not provide a privilege log or any other means for Ventas to evaluate the validity of the privilege claims. Nor did Defendants cite to any specific provision of the Sarbanes-Oxley Act.

Ventas was not satisfied with the Defendants' responses. On May 31, 2012, the parties agreed to a meet-and-confer with respect to the Defendants' discovery responses. To facilitate a meaningful discussion of Defendants' blanket objections during the meet-and-confer, counsel for Ventas requested that Defendants provide a privilege log and a citation to the relevant section(s) of the Sarbanes-Oxley Act. (**Exhibit 2**, 5/31/12 Stetson email to Rothstein). Ventas' counsel renewed this request on June 1, 2012. (**Exhibit 3**, 6/1/12 Stetson email to Rothstein). Defendants' counsel refused to do so.

On June 5, 2012 at 9:00 a.m., pursuant to Federal Rule 37 and Local Rule 37.2, Ventas' counsel (Roger Stetson and Rupa Rajagopalan) and Defendants' counsel (John Rothstein and Leonard Shiflett) conferred via telephone regarding Defendants' objections to the five discovery requests and the deposition notice. Mr. Stetson again requested that Defendants produce a privilege log and a citation to the relevant section(s) of the Sarbanes-Oxley Act so that Ventas could assess the validity of ALC's position. Mr. Rothstein stated that Defendants would not provide a privilege log.

About an hour after this telephone call, Defendants filed the instant motion for protective order. Later that day, in a continuing effort to resolve this dispute, Ventas' counsel once again requested in writing that Defendants provide a privilege log in accordance with Judge Schenkier's Case Management Procedures. (**Exhibit 4**, 6/5/12 Stetson email to Rothstein). No privilege log has been forthcoming.

## ARGUMENT

In seeking to avoid disclosing documents and information responsive to Ventas' discovery requests, Defendants take a myopic, narrow view of discovery that flouts the Federal Rules, ignores this Court's Case Management Procedures, and finds no support in any case law, including that cited by Defendants purportedly in support of their motion. None of the reasons that Defendants assert to prevent disclosure has any merit, and their motion should be denied.

### I. Defendants' Blanket Claim of Attorney-Client Privilege and Work Product Protection Is Insufficient to Prevent Disclosure.

Without providing a privilege log or even identifying any specific documents, Defendants assert that the Audit Committee's investigation – and *all* documents and information related thereto – are protected from disclosure by the attorney-client privilege and the work product doctrine. (Defts.' Memo of Law, pp. 9-10). Defendants are not only incorrect about the scope of the privilege and work product doctrine, their blanket claims are insufficient to prevent disclosure, particularly because Defendants have failed to provide a privilege log.

The attorney-client privilege and work product doctrine have their limits. The attorney-client privilege only "protects verbal and written communications exchanged in confidence between a client and an attorney for the purpose of obtaining legal advice." *LG Elecs., Inc. v. Motorola, Inc.*, No. 10 CV 3179, 2010 U.S. Dist. LEXIS 79047, at *11 (N.D. Ill. Aug. 5, 2010). In determining whether the attorney-client privilege applies, the court must determine "whether legal advice of any kind was sought from an attorney in his or her capacity as an attorney, whether the material sought in discovery contains communication related to the purpose of seeking such legal advice and whether such communication was made in confidence." *Id.* at *12 (attorney-client privilege did not apply to documents, where, after *in camera* review, the court "did not notice any information from which to infer that these documents contain

communications made for the purpose of seeking or providing legal advice"). Here, the court cannot make this determination as Defendants have provided no information about any communications they seek to protect.

Also limited in application is the work product doctrine, which protects only those documents that a party or attorney prepares in "anticipation of litigation," meaning "a substantial and significant threat of litigation is required." *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84, 87 (N.D. Ill. 1992); *EEOC v. WRS Infrastructure & Environment, Inc.*, No. 09 C 4272, 2010 U.S. Dist. LEXIS 64184, at *12-13 (N.D. Ill. June 23, 2010) (requiring an "articulable claim" that is likely to lead to litigation). Moreover, work product protection "only prevents the disclosure of protected documents or communications, however, not the underlying facts." *Rawat v. Navistar Int'l Corp.*, No. 08 C 4305, 2011 U.S. Dist. LEXIS 98432, at *7 (N.D. Ill. Sept. 1, 2011). In *WRS*, the defendant corporation asserted that the work product doctrine protected from disclosure documents relating to the company's investigation of a racial harassment allegation. 2010 U.S. Dist. LEXIS 64184, at *12-13. The court disagreed, holding that the investigation documents were not work product, but merely "precautionary documents prepared in the ordinary course of business, consistent with company policy concerning the handling of internal harassment complaints." *Id.* at *13; *see also Allendale*, 145 F.R.D. at 87 ("The fact that . . . a party has retained an attorney, initiated investigations, or engaged in negotiations over a claim, is insufficient to dispositively establish anticipation of litigation."). As in *WRS*, Defendants in this case concede that the Audit Committee investigation is in the ordinary course of business in follow up to an employee complaint. (Defts.' Memo of Law, p. 2). Nor have Defendants suggested, much less established, that the investigation is being

conducted in anticipation of any litigation.[1] Thus, the work product doctrine does not apply.

Finally, "[a] claim of privilege cannot be a blanket claim, but must be made and established on a document-by-document basis." *Allendale*, 145 F.R.D. at 86. And, the party asserting the privilege and work product doctrine has the burden of showing all of the required elements. *Rawat*, 2011 U.S. Dist. LEXIS 98432, at *7.

To this end, Rule 26(b)(5) of the Federal Rules of Civil Procedure requires a party that withholds otherwise discoverable information under a claim of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." FED. R. CIV. P. 26(b)(5). Similarly, Judge Schenkier's Case Management Procedures explicitly require a privilege log:

> In the event that a party withholds otherwise discoverable information on the ground of privilege, the withholding party generally must provide a log of the documents withheld on the ground of privilege. *See* Fed. R. Civ. P. 26(b)(5) and Advisory Committee Comments to 1993 Amendments. Any privilege log must be detailed enough to enable other parties to assess the applicability of the privilege asserted, and should include: (1) the name and capacity of each individual from whom or to whom a document and any attachments were sent (including which persons are lawyers); (2) the date of the document and any attachments; (3) the type of document; (4) the Bates numbers of the documents, (5) the nature of the privilege asserted; and (6) a description of the subject matter in sufficient detail to determine if legal advice was sought or revealed, or if the document constitutes work product;. *See Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992).

Case Management Procedures, Schenkier, J.

The importance and need for privilege logs is well-established.[2] "If a party fails to comply with the need to provide such a privilege log, that party fails to establish that the

---

[1] Defendants may not in good faith claim that the Audit Committee investigation is in "anticipation" of this lawsuit based on their position that the investigation is not relevant to Ventas' claims.

[2] Nor is this requirement lost on Defendants. Even in the cases on which Defendants rely to support their privilege and work product claims, the party seeking to avoid disclosure of documents had provided a

8

privilege applies." *Wunderlich-Malec Sys., Inc. v. Eisenmann Corp.*, No. 05 C 4343, 2006 U.S. Dist. LEXIS 84889, at *26-28 (N.D. Ill. Nov. 17, 2006) ("The fact that the compilation of such a log is burdensome will not obviate the need for the log, particularly because there are no presumptions operating in the discovery opponent's favor." (quotation omitted)). Indeed, the failure to provide a timely, detailed privilege log can waive a privilege altogether and result in other sanctions, including an award of costs and attorneys' fees. *Kaufman v. American Express Travel Related Servs. Co.*, No. 07 C 1707, 2011 U.S. Dist. LEXIS 4420, at *13 (N.D. Ill. Jan. 14, 2011).

The court's recent decision in *Rawat* is particularly instructive. In that case, as here, the defendants attempted to shield documents from discovery by asserting a blanket claim of work product protection, but failed to provide a privilege log. *Rawat*, 2011 U.S. Dist. LEXIS 98432, at *7-8. The court found that the defendants had failed to meet the standard for work product protection:

> Navistar bears the burden of showing, for example, what documents are at issue, when they were created, and that the principal motive behind the creation of the documents was to aid in possible future litigation. *See Binks Mfg. Co. v. Nat'l Presto Indus., Inc., 709 F.2d 1109, 1119 (7th Cir. 1983)*. By not addressing these issues, Navistar has not shown why the privilege it relies on applies. ***Indeed, if the Court were to agree with Navistar, it would have no idea what it was ordering to be protected from discovery.***

*Rawat*, 2011 U.S. Dist. LEXIS 98432, at *8 (emphasis supplied).

The same result should ensue in this case. Despite numerous requests from Ventas' counsel, Defendants have repeatedly refused to provide any privilege log, let alone one with the

---

privilege log. *See Sandra T.E. v. Berwyn School Dist. 100*, 600 F.3d 612, 623 (7th Cir. 2009) ("Sidley filed a proper privilege log adequately describing what it withheld"); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 244 F.R.D. 412, 425 (N.D. Ill. 2006) ("Defendants have now provided privilege logs covering all documents in question"); *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 975-76 (7th Cir. 1996) ("Commercial Union filed a privileged document index summarizing the nature, author, date, purpose, and reason for nondisclosure of each document for which it claimed privilege").

required level of detail. Therefore, Defendants have failed to meet their burden of establishing protection under either the attorney-client privilege or the work product doctrine. As such, they should be required to disclose the requested information and documents.

## II. Defendants' Concerns about Disclosure of the Whistleblower's Identity under the Sarbanes-Oxley Act Are Unfounded.

Defendants also attempt to shield responsive documents from disclosure under Sections 301 and 806 of the Sarbanes-Oxley Act, which, Defendants contend, prevent disclosure of "confidential communications from corporate employees." (Defts.' Memo of Law, pp. 10-12). However, Defendants' concerns regarding the disclosure in this lawsuit of such communications are unfounded.

As an initial matter, Defendants cite no authority suggesting that the Sarbanes-Oxley Act applies to prevent disclosure in response to a discovery request under the Federal Rules. Nothing in Sections 301 or 806 even suggests such a conclusion.

Moreover, Defendants misplace their reliance on a recent decision of the Administrative Review Board of the Department of Labor, *Menendez v. Halliburton, Inc.*, ARB Case Nos. 09-002 & 09-003 (DOL Admin. Rev. Bd. Sept. 13, 2011). In that case, the improper disclosure was the indiscriminate internal identification of a whistleblower to fellow employees, which resulted in retaliatory, adverse employment actions against the whistleblower. *Menendez*, pp. 21-26.

In this case, Ventas' discovery requests do not implicate the same disclosure concerns. Ventas is not interested in the identity of the employee whistleblower, but rather the subject matter of the Audit Committee's investigation in relation to the Ventas Lease. In producing responsive documents, Defendants' counsel may take any number of protective measures, such as redaction, to protect the identity of the whistleblower. And, Ventas is willing to enter an attorneys' eyes only protective order which would limit disclosure of such documents to

attorneys only for use in this lawsuit, thereby allaying any concerns that any fellow ALC employees might determine the identity of the ALC whistleblower. Thus, Defendants should be required to disclose the requested information and documents.

### III. Ventas' Requested Discovery Is Both Relevant and Permitted under the Federal Rules.

Defendants' final contention is that Ventas is not entitled to the discovery it seeks because the requests "are untethered to any allegation of the First Amended Complaint." (Defts.' Memo of Law, p. 13). However, this assertion fails. Not only is the scope of discovery permitted under the Federal Rules is far broader than Defendants suggest, but Ventas seeks information and documents directly relating to its allegations.

Defendants concede, as they must, that "Rule 26 authorizes a litigant to seek discovery regarding 'any non-privileged matter that is relevant to any party's claim or defense.'" (Defts.' Memo of Law, p. 13). But Defendants misconstrue the definition of relevance. Under the Federal Rules, "evidence is relevant for discovery purposes if there is *any possibility* that it could be relevant to the subject matter of the case." *Rawat*, 2011 U.S. Dist. LEXIS 98432, at *17 (emphasis added). And, contrary to Defendants' suggestion that discovery must be linked to Ventas' allegations, "discovery is not limited to the specific issues raised in the parties' pleadings because discovery itself is designed to help define and clarify what the issues are." *Id.* (internal quotation omitted). Similarly, "discovery is not limited to the merits of a plaintiff's claims but includes an array of fact issues that may arise in the course of litigation." *Id.* at *21.

Here, moreover, the discovery that Ventas seeks is not only relevant, but it is tied to the allegations of the First Amended Complaint. Defendants ignore entirely that it was ALC's own disclosures that informed the world that "the Company's Board of Directors determined to investigate possible irregularities in connection with the Company's lease with Ventas" (May 4,

2012 Form 8-K) and that the Audit Committee investigation might have an "impact on the Ventas lease" (May 11, 2012 Form 12b-25). These statements are broad, and are not limited to "accounting irregularities," as Defendants now contend. Nor is Ventas required to take at face value the statement of one of its outside directors that the investigation does not "relate to the health, safety or welfare of the residents," or "the physical condition of any ALC assisted living facility." (Dkt. No. 40, Decl. of Alan Bell, ¶ 4). As is evident from the numerous notices of intent to revoke assisted living licenses received by the ALC Entities, Ventas and the regulators of several states have different views than ALC as to what constitutes a safety or building issue.

Further, even if the investigation is focused on accounting irregularities, such issues are directly relevant to Ventas' claims because they bear on Defendants' reporting obligations under Section 25 of the Ventas Lease. Ventas alleged in its First Amended Complaint that "the ALC Entities have failed to comply with their reporting obligations under Section 25 of the [Ventas Lease]." (Dkt. No. 29, First Amended Complaint, ¶ 53). Section 25, titled "Financial Statements and Reporting," requires that Defendants, *inter alia*, provide to Ventas quarterly and year-end financial statements for each ALC Entity and ALC. (Dkt. No. 29, First Amended Complaint, Ex. 1, Ventas Lease, §§ 25.2, 25.3, 25.4, 25.13; Ex. 2, Guaranty, ¶ 12). The provision of inaccurate or fraudulent financial statements would constitute a material breach of Section 25. Thus, because the "accounting irregularities" that the Audit Committee is investigating are in connection with the "Ventas lease," they directly relate to Ventas' allegations regarding Defendants' failure to comply with Section 25. Thus, Defendants should be required to disclose the requested information and documents.

## CONCLUSION

The information and documents Ventas seeks in its five narrow written discovery requests and deposition request are relevant and discoverable. The Court ordered Defendants to answer these discovery requests on an expedited basis. Defendants have failed to meet their burden under the Federal Rules to show why this discovery should not be permitted. Therefore, Plaintiff respectfully requests that this Court: (i) deny Defendants' motion for protective order and order Defendants to provide complete and proper responses to Ventas' First Set of Interrogatories and Requests for Production of Documents within five days; (ii) order Defendants to produce all responsive documents to Ventas' First Set of Requests for Production of Documents within five days; (iii) order that Defendants provide a deponent or deponents in compliance with Ventas' Rule 30(b)(6) deposition notice; (iv) order that Defendants pay the costs and expenses, including attorneys' fees, incurred in responding to this improper and premature motion; and (v) grant such other and further relief as it deems appropriate.

Dated: June 8, 2012                            Respectfully submitted,

                                               VENTAS REALTY, LIMITED PARTNERSHIP


                                               By:  /s/  Roger H. Stetson
                                                    One of Its Attorneys

Roger H. Stetson
John W. Roberts
Brandon Prosansky
Rupa Rajagopalan
BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
Tel: (312) 984-3100

## CERTIFICATE OF SERVICE

I, Brandon C. Prosansky, an attorney, hereby certify that on June 8, 2012, service of a copy of the foregoing **Ventas Realty, Limited Partnership's Response to All Defendants' Motion for Protective Order from Certain Discovery** was accomplished pursuant to ECF as to Filing Users upon the following:

>Leonard S. Shifflett
>Quarles & Brady LLP
>300 North LaSalle Street
>Suite 4000
>Chicago, Illinois 60654

>_/s/ Brandon C. Prosansky_
>Brandon C. Prosansky