# EXHIBIT 4

Case: 1:12-cv-03107 Document #: 47-4 Filed: 06/08/12 Page 1 of 3 PageID #:1393

| | |
|---|---|
| **From:** | ROGER STETSON |
| **Sent:** | Tuesday, June 05, 2012 2:05 PM |
| **To:** | 'Rothstein, John A.' |
| **Cc:** | Shifflett, Leonard S. |
| **Subject:** | RE: Ventas v. ALC, et al |

John,

In response to the discovery requests that ALC was ordered to provide responses, ALC objected to producing the requested information based on three privileges. ALC did not provide a privilege log with the discovery responses. In light of ALC's position, Ventas requested twice in writing (May 31 and June 4) and a third time, during the telephone conference this morning, that ALC provide a privilege log. ALC has not produced a privilege log. Ventas is not seeking anything extraordinary, but only requests that ALC comply with Judge Schenkier's standing order which states:

"In the event that a party withholds otherwise discoverable information on the ground of privilege, the withholding party generally must provide a log of the documents withheld on the ground of privilege. See Fed. R. Civ. P. 26(b)(5) and Advisory Committee Comments to 1993 Amendments. Any privilege log must be detailed enough to enable other parties to assess the applicability of the privilege asserted, and should include: (1) the name and capacity of each individual from whom or to whom a document and any attachments were sent (including which persons are lawyers); (2) the date of the document and any attachments; (3) the type of document; (4) the Bates numbers of the documents, (5) the nature of the privilege asserted; and (6) a description of the subject matter in sufficient detail to determine if legal advice was sought or revealed, or if the document constitutes work product;. See *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992)."

Please produce a privilege log consistent with Judge Schenkier's standing order by June 7, 2012.

Finally, one point of clarification related to discovery seems necessary based on ALC's filing today. ALC's representation to the Court that "[r]ather than propound discovery related to these claimed breaches, Ventas has served **only** the discovery requests seeking to disclose the work of the Audit Committee" is not true. As you know, on May 25, 2012, Ventas served requests for admission, document requests and interrogatories on ALC that are not solely based on the work of the Audit Committee.

Thank you.

Roger


**From:** Rothstein, John A. [mailto:john.rothstein@quarles.com]
**Sent:** Tuesday, June 05, 2012 10:06 AM
**To:** ROGER STETSON
**Cc:** Shifflett, Leonard S.
**Subject:** Ventas v. ALC, et al

Roger,

This will confirm for your files that I will pass along your request for a privilege log.

In the call you indicated that your client really doesn't want to make more of a fight than necessary. So let me inquire how that might relate to a privilege log.

1

If we assume hypothetically, that most of Milbank Tweed's work product consists of letters to their client, internal legal memo, email advice and requests, and its own internal impressions and judgments, things that I think we can all agree are plainly going to be outside of any discovery per the attorney client privilege and work product doctrine, and which I also assume I constitutes virtually every piece of paper in Milbank's files, does Ventas really need (or want) a privilege log for each of Milbank's private investigative emails, letters, memos, etc? In essence for the Milbank firm to summarize each piece of paper they have created since they've been hired?

If it helps, let me reconfirm that the outside impetus that triggered this investigation was simply one confidential communication to the Audit Committee Chairman. Apart from that communication, all the rest of what the Milbank firm is doing is plainly protected attorney legal work. And the one confidential communication is restricted from disclosure by Sarbanes Oxley.

So in asking for a privilege log, is Ventas really asking ALC and the Milbank firm to list all of these sorts of items?

Let me know.

Thanks.

John R

This electronic mail transmission and any attachments are confidential and may be privileged.
They should be read or retained only by the intended recipient. If you have received this
transmission in error, please notify the sender immediately and delete the transmission from
your system. In addition, in order to comply with Treasury Circular 230, we are required to
inform you that unless we have specifically stated to the contrary in writing, any advice we
provide in this email or any attachment concerning federal tax issues or submissions is not
intended or written to be used, and cannot be used, to avoid federal tax penalties.